UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IRINA AKHMETZYANOVA,

          Plaintiff,

-against-

ASA INSTITUTE OF BUSINESS AND
COMPUTER TECHNOLOGY and ALEX
SHCHEGOL,

          Defendants.
-------------------------------------------------------------x

CV 06 3117

Index #: 2 3 2006
BROOKLYN OFFICE

**COMPLAINT**
**WITH JURY DEMAND**

ROSS, J.

POLLAK, M.J.

Plaintiff IRINA AKHMETZYANOVA (hereinafter "Irina"), by her counsel, BENNETT & MOY, LLP, as and for her Verified Complaint against defendants ASA INSTITUTE OF BUSINESS AND COMPUTER TECHNOLOGY (hereinafter "ASA") and ALEX SHCHEGOL (hereinafter "Alex"), respectfully alleges as follows:

### INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to Irina under Title IX of the Civil Rights Act of 1964, as amended, 20 USC Sections 1681, et. seq., the Administrative Code of the City of New York, Section 8-107(4), and the common-law of the State of New York.

### JURISDICTION AND VENUE

2. The jurisdiction of this Honorable Court over this controversy is based upon 28 USC Section 1331 and 1343(I) and (3). Irina also invokes the supplemental jurisdiction of this Honorable Court to decide Irina's claims arising under the laws of the State of New York.

3. Venue is proper in this judicial district pursuant to 28 USC Section 1391 in that the unlawful practices alleged herein were committed within the County of Kings in the Eastern District of New York.

### PARTIES

4. Irina is a female resident of Brooklyn, in the State of New York.

5. At all relevant times alleged herein, Irina is an eligible non-immigrant alien student, as is defined by the applicable immigration laws of the United States of America.

6. ASA is an educational institution formed under the laws of the State of New York, is qualified to transact business within the State of New York, transacts business within the State of New York, and maintains its principal place of business within the County of Kings.

7. ASA is authorized under Federal law to enroll non-immigrant alien students to its school.

8. ASA is a recipient of federal financial assistance.

9. ASA is authorized by the Department of Homeland Security ("INS") to assist non-immigrant alien students with applying for and obtaining from INS, student Visas in order to study at the school.

10. ASA offers and assists its non-immigrant students, as a part of its enrollment process to the school, with the application process to obtain student Visas from the INS, including but not limited to, providing requisite INS forms to its non-immigrant alien students, providing necessary and required documentation and information, and otherwise cooperating with and acting as a liaison between its non-immigrant alien students and the INS.

11. ASA is a public accommodation as that term is defined by the Administrative Code of the City of New York.

12. At all relevant times alleged herein, Alex is the President of ASA.

13. At all relevant times alleged herein, Alex is an officer of ASA.

14. At all relevant times alleged herein, Alex is a director of ASA.

15. At all relevant times alleged herein, Alex is a designated school official approved by the INS to enroll non-immigrant aliens as students to ASA, and to provide required and necessary information to, and to otherwise cooperate with, the INS, in conjunction with non-immigrant alien applications for student Visas.

16. At all relevant times alleged herein, Alex represented himself to be a designated school official approved by the INS to enroll non-immigrant aliens as students to ASA, and to provide required and necessary information to, and to otherwise cooperate with, the INS, in conjunction with non-immigrant alien applications for student Visas.

17. At all relevant times alleged herein, Alex is an officer of GCA Software, Inc., a domestic corporation licensed to transact business within the State of New York.

18. At all relevant times alleged herein, Alex is an officer of GCA Software, Inc., a foreign corporation licensed to transact business within the State of New York.

19. At all relevant times herein, all the actions, conduct and behavior alleged herein of and by Alex were performed within the scope of his duties and responsibilities as, and with the actual and/or apparent authority as, the President and an officer of ASA, and with the knowledge, ratification, consent and permission of ASA.

## STATEMENT OF FACTS

20. Irina is a citizen of the Russian Federation, who came to New York in or about June of 2005, pursuant to a J-1 class status immigration Visa issued on March 24, 2005, and which was to expire on October 2, 2005.

21. Intending on studying English and business administration, Irina applied for admission to ASA in or about September of 2005.

22. During the course of the admission process, and in his capacity as the President and a designated school official of ASA, Alex extended both ASA's and his assistance in changing and extending Irina's immigration Visa status from a J-1 class to a student class (F-1 class) in order for Irina to be enrolled and to take classes at ASA.

23. Irina accepted Alex' offer of assistance, from which Alex willfully provided information to the INS in support of Irina's application for a change in her immigration status, including but not limited to the following:

    -a financial sponsor whose name was illegible;
    -identifying GCA Software, Inc. as Irina's business associate;
    -an incomplete Affidavit of Support;
    -failing to establish that GCA Software, Inc. or the unidentified individual who signed the Affidavit of Support are able to contribute to Irina's financial well-being;
    -failing to indicate the relationship between the individual signing the Affidavit of Support to GCA Software, Inc.

24. That such information was incorrect and incomplete.

25. That Irina neither authorized Alex to provide such information to the INS, nor was she made aware that Alex was providing such information to the INS.

26. Irina received notice that the aforesaid information had been provided to the INS in November of 2005 upon her receipt of a Notice of Action from INS dated November 4, 2006.

27. That the Notice of Action requested that Irina provide, by January 30, 2006, documentation and evidence with regards to the aforesaid information, as it was incomplete and inconsistent with the information previously provided by Irina to the INS in order to obtain her F-1 Visa.

28. That pursuant to the Notice of Action, Irina was advised that she would not be given an extension within which to provide the requested information, and that her Visa status was in jeopardy should incomplete and false information be provided in support of her Visa application.

29. That Irina then attempted to address and redress with Alex the aforesaid issues of the incorrect and incomplete information provided to the INS in order to attend school, questioning why Alex provided INS such information, and requesting his cooperation and assistance to resolve the aforesaid issues.

30. That Alex admitted to providing such information to the INS, but refusing to cooperate and to provide further information to the INS, unless Irina engage in sexual relations with him, threatening Irnia's Visa status, her ability to continue to attend school and deportation from the United States should she not acquiesce, and even offering Irina compensation and free tuition should she engage with him in sexual relations.

31. That Irina rejected such sexual advances and harassment, requesting that it immediately cease, and that complete and correct information be immediately provided to INS, as her Visa status was in jeopardy.

32. That such campaign of unwanted sexual advances, harassment, pressure and discriminatory conduct did not cease, nor was either Alex' cooperation with the INS forthcoming, despite Irina's repeated complaints and protestations between November-December of 2005 for such conduct to cease.

33. That Irina in and around November of 2005 reported such unwanted, severe and pervasive behavior and conduct to an appropriate person at ASA, requesting that an investigation be undertaken, remedial measures be implemented, and that immediate assistance with her pending VISA application, as offered by ASA, be forthcoming.

34. That ASA failed, deliberately, indifferently and wantonly, to either investigate, undertake any remedial action, or to assist Irina with her pending Visa application, suggesting instead that in order to complete her pending Visa application, that she acquiesce to Alex' sexual advances.

35. That as a result of Alex' repeated, continued and unabated sexual advances, his continued refusal to provide assistance with her pending Visa application, and ASA's willful indifference thereto, Irina in December of 2005 was caused to become fearful of losing her legal rights to remain in the United States, embarrassed, depressed, humiliated, ashamed, worried, pressured, stressed, and to suffer mental and emotional injuries and pain and suffering, such that she could not attend classes and could not continue with her studies at ASA.

## AS AND FOR PLAINTIFF'S FIRST FEDERAL CAUSE OF ACTION AGAINST DEFENDANT ASA INSTITUTE
## [VIOLATION OF 20 USC SECTION 1681, et. seq. (TITLE IX)]

36. Irina repeats, realleges and incorporates each and every allegation contained in paragraph #'s "1"-"33" of this Complaint as though fully and completely set forth at length herein.

37. It is a violation of Title IX for an educational institution to exclude a student from participation in, and/or to be denied the benefits of, any educational program, on the basis of sex.

38. ASA is an educational institution as is defined by Title IX.

39. Irina was an eligible student of ASA and a member of a protected class, as is defined by Title IX.

40. Quid pro quo sexual harassment is an unlawful discriminatory act as is defined by Title IX.

41. The aforesaid conduct, actions and behavior of the ASA, its agents, servants and/or employees, as regards Irina, constitutes unlawful quid pro quo sexual harassment in violation of Title IX.

42. As a result thereof, Irina was denied equal access to education as afforded to her by the Constitution of the United States, and her legal status to remain in this country has been placed in jeopardy.

43. In addition thereto, Irina was caused to suffer injuries, stress, humiliation, emotional and psychological damages, mental pain and suffering, as well as to incur unnecessary out of pocket expenses, and will continue to so suffer into

the future, all because of defendants' outrageous conduct in violating Irina's human rights.

44. As a proximate result of defendants' conduct, Irina has been adversely affected in her future opportunities, her normal life's pursuits, and Irina believes that the injuries inflicted upon her as a direct result of the aforesaid has and will continue to have an irreparably devastating affect upon the quality of her life, and will prevent her from functioning as she did prior to the occurrences complained of herein.

45. Irina, therefore, seeks monetary damages for this cause of action in the sum of $5,000,000.00, as well as for an additional award of reasonable attorneys' fees.

## AS AND FOR PLAINTIFF'S FIRST PENDENT STATE CAUSE OF ACTION AGAINST DEFENDANT ASA INSTITUTE [VIOLATION OF CHAPTER 1, TITLE 8 OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK]

46. Irina repeats, realleges and incorporates each and every allegation contained in paragraph #'s "1"-"43" of this Complaint as though fully and completely set forth at length herein.

47. It is a violation of the Administrative Code of the City of New York for a public accommodation to exclude a student from access, participation in, and/or to be denied the benefits thereof, on the basis of sex.

48. ASA is a place of public accommodation as is defined by the Administrative Code of the City of New York.

49. Quid pro quo sexual harassment is an unlawful discriminatory act and a protected class as is defined by the Administrative Code of the City of New York.

50. Irina was an eligible for and otherwise entitled to access to, participation in and to obtain the benefits of, ASA, and is a member of a protected class, as is defined by the Administrative Code of the City of New York.

51. The aforesaid conduct, actions and behavior of the ASA, its agents, servants and/or employees, as regards Irina, constitutes unlawful quid pro quo sexual harassment in violation of the Administrative Code of the City of New York.

52. Irina has complied with any and all conditions precedent to the commencement of the subject action in accordance with the Administrative Code of the City of New York.

53. As a result thereof, ASA is liable to Irina pursuant to section 8-502 of the Administrative Code of the City of New York, for "damages, including punitive damages" and attorneys fees.

54. As a result thereof, Irina was denied equal access to education as afforded to her by the Constitution of the United States, and her legal status to remain in this country has been placed in jeopardy.

55. In addition thereto, Irina was caused to suffer injuries, stress, humiliation, emotional and psychological damages, mental pain and suffering, as well as to incur unnecessary out of pocket expenses, and will continue to so suffer into the future, all because of defendants' outrageous conduct in violating Irina's human rights.

56. As a proximate result of defendants' conduct, Irina has been adversely affected in her future opportunities, her normal life's pursuits, and Irina believes that the injuries inflicted upon her as a direct result of the aforesaid has and will continue to have an irreparably devastating affect upon the quality of her life, and will prevent her from functioning as she did prior to the occurrences complained of herein.

53. Irina, therefore, seeks monetary damages for this cause of action in the sum of $5,000,000.00, as well as for an additional award of punitive damages and reasonable attorneys' fees.

## AS AND FOR A SECOND PENDENT STATE CAUSE OF ACTION AGAINST DEFENDANT ALEX SHCHOGEL
## [VIOLATION OF CHAPTER I, TITLE 8 OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK]

54. Irina repeats, realleges and incorporates each and every allegation contained in paragraph #'s "1"-"53" of this Complaint as though fully and completely set forth at length herein.

55. It is a violation of the Administrative Code of the City of New York for individuals associated and/or an officer such as Alex of a public accommodation such as ASA to exclude a student from access, participation in, and/or to be denied the benefits thereof, on the basis of sex.

56. Quid pro quo sexual harassment is an unlawful discriminatory act and a protected class as is defined by the Administrative Code of the City of New York.

57. Irina was an eligible for and otherwise entitled to access to, participation in and to obtain the benefits of, ASA, as is defined by the Administrative Code of the City of New York.

58. Irina was a member of the aforesaid protected class.

59. The aforesaid conduct, actions and behavior of the Alex, as regards Irina, constitutes unlawful quid pro quo sexual harassment in violation of the Administrative Code of the City of New York.

60. Irina has complied with any and all conditions precedent to the commencement of the subject action in accordance with the Administrative Code of the City of New York.

61. As a result thereof, Alex is liable to Irina pursuant to section 8-502 of the Administrative Code of the City of New York, for "damages, including punitive damages" and attorneys fees.

62. As a result thereof, Irina was denied equal access to education as afforded to her by the Constitution of the United States, and her legal status to remain in this country has been placed in jeopardy.

63. In addition thereto, Irina was caused to suffer injuries, stress, humiliation, emotional and psychological damages, mental pain and suffering, as well as to incur unnecessary out of pocket expenses, and will continue to so suffer into the future, all because of Alex' outrageous conduct in violating Irina's human rights.

64. As a proximate result of Alex' conduct, Irina has been adversely affected in her future opportunities, her normal life's pursuits, and Irina believes that the injuries inflicted upon her as a direct result of the aforesaid has and will continue to have an irreparably devastating affect upon the quality of her life, and will prevent her from functioning as she did prior to the occurrences complained of herein.

65. Irina, therefore, seeks monetary damages for this cause of action in the sum of $5,000,000.00, as well as for an additional award of punitive damages and reasonable attorneys' fees.

## AS AND FOR A THIRD PENDENT STATE CAUSE OF ACTION AGAINST DEFENDANT ASA INSTITUTE
## [INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

66. Irina repeats, realleges and incorporates each and every allegation contained in paragraph #'s "1"-"65" of this Complaint as though fully and completely set forth at length herein.

67. When ASA, its agents, servants and employees engaged in the aforesaid acts, such conduct was so extreme, offensive, egregious and outrageous, and so transcended and exceeded the bounds of decency, that it is to be regarded as atrocious and utterly intolerable in a civilized society.

68. That the actions of ASA, its agents, servants and employees were intentionally, deliberately, maliciously, recklessly and willfully and retaliatory, and were intended to cause, and/or disregarded a substantial likelihood to cause, and/or is characterized as a fraud evincing a high degree of moral turpitude.

69. Irina to suffer humiliation, stress, anxiety, emotional and personal injuries, as well as to incur expenses.

70. As a proximate result of the aforesaid events, Irina has been adversely affected in her future opportunities, her normal life's pursuits, and Irina believes that the injuries inflicted upon her as a direct result of the aforesaid has and will continue to have an irreparably devastating affect upon the quality of her life, and will prevent her from functioning as she did prior to the occurrences complained of herein.

71. Irina, therefore, seeks monetary damages for this cause of action, in the sum of five million ($5,000,000.00) dollars, as well as for an additional award of punitive damages.

## AS AND FOR A FOURTH PENDENT STATE CAUSE OF ACTION AGAINST DEFENDANT ASA INSTITUTE [INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

72. Irina repeats, realleges and incorporates each and every allegation contained in paragraph #'s "1"-"71" of this Complaint as though fully and completely set forth at length herein.

73. When Alex engaged in the aforesaid acts, such conduct was so extreme, offensive, egregious and outrageous, and so transcended and exceeded the bounds of decency, that it is to be regarded as atrocious and utterly intolerable in a civilized society, and/or is characterized as a fraud evincing a high degree of moral turpitude.

74. That the actions of Alex were intentionally, deliberately, maliciously, recklessly and willfully discriminatory and retaliatory, and were intended to

cause, and/or disregarded a substantial likelihood to cause, Irina to suffer humiliation, stress, anxiety, emotional and personal injuries, as well as to incur expenses.

75. As a proximate result of the aforesaid events, Irina has been adversely affected in her future opportunities, her normal life's pursuits, and Irina believes that the injuries inflicted upon her as a direct result of the aforesaid has and will continue to have an irreparably devastating affect upon the quality of her life, and will prevent her from functioning as she did prior to the occurrences complained of herein.

76. Irina, therefore, seeks monetary damages for this cause of action, in the sum of five million ($5,000,000.00) dollars, as well as an additional award of punitive damages.

## AS AND FOR A FIFTH PENDENT STATE CAUSE OF ACTION AGAINST DEFENDANT ASA INSTITUTE
## [BREACH OF CONTRACT]

77. Irina repeats, realleges and incorporates each and every allegation contained in paragraph #'s "1"-"76" of this Complaint as though fully and completely set forth at length herein.

78. That in consideration of a payment of a fee, ASA would not only permit Irina to enroll at and attend classes at its school, but would also direct, assist and cooperate with Irina in her application to INS for any and all proper student/education Visas in order to obtain and maintain the appropriate non-immigrant status necessary to attend class.

79. That there was a valid and binding contract between Irina and ASA regarding her enrolling and attending classes thereat.

80. That Irina discharged its duties to ASA pursuant to this contract.

81. That ASA, its officers, directors, agents, servants and employees, breached this contract by not only failing to reasonably and properly cooperate and assist Irina with her INS application to obtain and maintain the appropriate non-immigrant Visa status in order to attend classes, but to intentionally, recklessly, wantonly and/or grossly negligently provide and/or permitted, assisted, allowed, aided and abetted to be provided, false and incomplete information to the INS in conjunction with Irina's Visa application, which ASA, its officers, directors, agents, servants and employees failed to investigate, redress or remediate despite being on notice thereof.

82. That therefore ASA is indebted and liable to Irina for monetary damages for any and all expectancy and consequential damages resulting from its breach of contract, in addition to interest, costs and disbursements.

## AS AND FOR A SIXTH PENDENT STATE CAUSE OF ACTION AGAINST DEFENDANT ALEX SHCHOGEL
## [TORTIOUS INTERFERENCE WITH CONTRACT]

83. Irina repeats, realleges and incorporates each and every allegation contained in paragraph #'s "1"-"82" of this Complaint as though fully and completely set forth at length herein.

84. That there was a valid contract in existence between Irina and ASA regarding her enrolling in and attending classes at its school.

85. That Alex knew of this existing contract between Irina and ASA regarding her enrolling in and attending classes at its school.

86. That Alex, as a President, officer, director and/or designated school official of ASA, intentionally, wantonly and/or grossly negligently procured ASA, to violate its duties and responsibilities pursuant to its contract with Irina.

87. That ASA breached this contract with Irina.

88. That the acts, conduct and behavior of Alex was a substantial factor in the failure by ASA to discharge its duties and responsibilities owed to Irina pursuant to this contract.

89. As a result thereof, Irina did not obtain the bargained-for exchanged pursuant to the contract, and was caused to suffer and sustain expectancy and consequential damages.

90. As a further result thereof, Irina was caused to suffer humiliation, stress, anxiety, emotional and personal injuries, and has been adversely affected in her future opportunities, her normal life's pursuits, and Irina believes that the injuries inflicted upon her as a direct result of the aforesaid has and will continue to have an irreparably devastating affect upon the quality of her life, and will prevent her from functioning as she did prior to the occurrences complained of herein.

91. When Alex engaged in the aforesaid acts, such conduct was so extreme, offensive, egregious and outrageous, and so transcended and exceeded the bounds of decency, that it is to be regarded as atrocious and utterly intolerable in a civilized society, and/or a fraud evincing a high degree of moral turpitude.

92. That the actions of Alex were intentionally, deliberately, maliciously, recklessly and willfully discriminatory and retaliatory, and were intended to cause, and/or disregarded a substantial likelihood to cause, Irina to suffer humiliation, stress, anxiety, emotional and personal injuries, as well as to incur expenses.

93. Irina, therefore, seeks monetary damages for this cause of action, in the sum of five million ($5,000,000.00) dollars, as well as an additional award of punitive damages.

WHEREFORE, plaintiff IRINA AKHMETZYANOVA demands judgment against defendants ASA INSTITUTE OF BUSINESS AND COMPUTER TECHNOLOGY and ALEX SHCHEGOL, on each cause of action, along with all costs and disbursements of the within action, as well as such other, further and different relief as to this Court may seem just and proper.

Dated: New York, New York
June 5, 2006

Yours, etc.,

Alan J. Bennett (AJB-1635)
BENNETT & MOY, LLP
Attorneys for Plaintiff
IRINA AKHMETZYANOVA
575 Lexington Avenue
23rd Floor
New York, New York 10022
(212) 696-2116

## DEMAND FOR JURY TRIAL

Plaintiff IRINA AKHMETZYANOVA, by her counsel, BENNETT & MOY, LLP, hereby demands that all issues and causes of action raised in the subject Complaint be tried by a jury.

Dated: New York, New York
June 5, 2006

Yours, etc.,

Alan J. Bennett (AJB-1635)
BENNETT & MOY, LLP
Attorneys for Plaintiff
IRINA AKHMETZYANOVA
575 Lexington Avenue
23rd Floor
New York, New York 10022
(212) 696-2116